```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


MAURICE WILLIAMS,                 )
                                  )
           Plaintiff,             )
                                  )
      v.                          )     No. 4:07-CV-189 CAS
                                  )
NATHANIEL BURKEMPER,              )
et al.,                           )
                                  )
           Defendants.            )
```

## MEMORANDUM AND ORDER

This matter is before the Court on the application of Maurice Williams (registration no. 90884), a prisoner at the Medium Security Institution (MSI), for leave to commence this action without payment of the required filing fee [Doc. 2]. Also before the Court are plaintiff's motions to compel production of an audio tape [Doc. 3], for injunctive relief concerning conditions at MSI [Doc. 4], and for defendants to produce a prior federal court order concerning MSI [Doc. 5]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $0.  See 28 U.S.C. § 1915(b)(1).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of

the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

While applicant has submitted an affidavit, he has not submitted a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. Applicant states that he requested copies of his inmate account statement several times, but that MSI officials have failed to provide it to him. Accordingly, the Court will assess an initial partial filing fee of $0.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are police officer Nathaniel Burkemper, Eugene Stubblefield, and Samuel Simon.

Plaintiff alleges that on or about November 20, 2006, an unidentified person made a telephone call to a 911 operator to report a theft. Plaintiff states that he "was detained . . . several blocks from where the alleged stolen item was found because I matched the description of the 911 caller." Plaintiff was arrested and charged with stealing - a charge that appears to still be pending in the state court.

It appears that the state criminal prosecution was initiated by an information and complaint, rather than by an indictment returned by a grand jury. Plaintiff claims that in his statement supporting the complaint, defendant Burkemper stated that he - rather than the unidentified 911 caller - had "observed a crime being committed." Plaintiff asserts that defendant Burkemper's statement that Burkemper personally observed the crime is false.

Plaintiff also alleges that "there is a standing court order . . . which mandated that [MSI] comply with federally instituted living conditions for prisons (i.e., a population limit, living space required by law for each individual, etc.)" and that MSI is not complying with this "standing court order." Plaintiff alleges that MSI is "blatantly overcrowded and the situation needs to be addressed forthwith!" Plaintiff moves for injunctive relief to require the defendants to conform to the standing court order [Doc. 4], and filed a motion to produce [Doc.5] which seeks to require the defendants to provide plaintiff with a copy of the standing court order.

**Discussion**

Plaintiff's claims against defendant Burkemper regarding "false arrest" (i.e, an arrest based on insufficient probable cause under the fourth amendment) survive review under § 1915(e)(2)(B) and should not be dismissed as this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that process issue upon the complaint to defendant Burkemper and that

4

defendant Burkemper reply to these claims.  Because defendant Burkemper has not yet been served with the complaint, plaintiff's motion to compel [Doc. 3] will be denied as premature.[1]  The Court advises plaintiff that any future motion to compel would be premature until plaintiff has served a proper discovery request on the defendants as allowed by the Federal Rules of Civil Procedure, and they fail to respond within the time allowed by the Rules.  In addition, any future motion to compel must comply with the "good faith" certification requirement of this Court's Local Rule 3.04(A) and Rule 37(a)(2), Fed. R. Civ. P.

Plaintiff's claims against defendants Stubblefield and Simon should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  Federal court oversight of both the City of St. Louis Jail and MSI ended with the dismissal, by consent of all parties, of the claims asserted in Tyler v. Murphy, No. 4:74-CV-40 CEJ (E.D. Mo.).  Consequently, there are no federal court orders currently in effect concerning operations at MSI.  As a result, defendants Stubblefield and Simon are not in violation of any federal court orders concerning MSI's operations.  Furthermore, plaintiff's allegation that MSI is "blatantly overcrowded" is entirely conclusory and not supported by any specific allegation of fact.  Therefore, the complaint fails to state a claim against defendants Stubblefield

---

[1] Additionally, because it appears that plaintiff has filed his "false arrest" claim before he has even been convicted, the Court notes the possibility of staying this civil action until the criminal case is ended.  See Wallace v. Kato, 549 U.S. ___, 127 S.Ct. 1091, 1098 (2007)

5

and Simon. For these same reasons, plaintiff's motions for injunctive relief [Doc. 4] and for production of documents [Doc. 5] will be denied.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $0.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Stubblefield and Simon because the claims against these defendants are legally frivolous or fail to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Burkemper.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendant Burkemper shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel is **DENIED,** without prejudice, as premature. [Doc. 3]

**IT IS FURTHER ORDERED** that plaintiff's motion for injunctive relief is **DENIED** as moot. [Doc. 4]

**IT IS FURTHER ORDERED** that plaintiff's motion to produce documents is **DENIED** as moot. [Doc. 5]

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order of partial dismissal shall accompany this memorandum and order.

                                          **CHARLES A. SHAW**
                                          **UNITED STATES DISTRICT JUDGE**

Dated this __2nd__ day of March, 2007.