# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MAURICE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07-CV-189 CAS |
| ) | |
| NATHANIEL BURKEMPER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motions for default judgment and to compel. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that he was falsely arrested by remaining defendant Burkemper.

In both his motion to compel and his motion for default judgment, plaintiff insists that defendant has not complied with his discovery requests. Accordingly, plaintiff believes that the Court should strike defendant's Answer and find him in default. Although plaintiff claims that he has made a "good faith effort to receive needed material that hasn't been provided by the defendant," he has not appended to his motion any evidence of doing so. Rather, plaintiff makes his assertion in a conclusory fashion, indicating only the date he purportedly attempted to confer with defendant -- September 14, 2007.

On August 13, 2007, this case was stayed and administratively closed pending disposition of the criminal action against plaintiff. The matter was not reopened until October 2, 2007. Accordingly, discovery was not ongoing on the date that plaintiff insists he "attempted to confer" with defendant by mail.

Plaintiff has been reminded on at least two previous occasions, see Docs. 6 and 43, that in order to bring a motion to compel, he must provide the Court with evidence that he has made a good faith effort to confer with defendant regarding the purported outstanding discovery response. Local Rule 3.04(A) of this Court provides:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

As noted in the Court's Order dated November 13, 2007 (Doc. 43), although plaintiff may not be able to confer with defendant's counsel in person or by telephone, he can write to her to attempt to resolve the dispute, and must do so prior to filing a motion to compel. This "attempt to confer" cannot be done through the filing of motions with this Court, but must instead be accomplished through written correspondence between the parties.

In the future, if plaintiff wishes to file a motion to compel with this Court, he must provide the Court with copies of the written correspondence evidencing his compliance with Local Rule 3.04(A). Where plaintiff claims in a motion to compel that the defendant did not properly respond to a discovery request, plaintiff must also provide the Court with copies of both his discovery request(s) and the defendant's response(s), so the Court will be able to evaluate whether or not the response or objection was appropriate.

As a result of plaintiff's failure to comply with Local Rule 3.04(A), the Court will not consider the instant motions and will deny the same.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel is **DENIED** without prejudice. [Doc. 46]

**IT IS FURTHER ORDERED** that if plaintiff wishes to file a motion to compel in the future, he must provide the Court with copies of written correspondence evidencing his compliance with Local Rule 3.04(A).

**IT IS FURTHER ORDERED** that where plaintiff claims in a motion to compel that the defendant did not properly respond to a discovery request, plaintiff must also provide the Court with copies of both his discovery request(s) and the defendant's response(s), so the Court will be able to properly evaluate the motion.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment is **DENIED**. [Doc. 44]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of January, 2008.