# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07-CV-189 CAS |
| | ) | |
| NATHANIEL BURKEMPER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for summary judgment. Plaintiff filed a response to the motion, and the issues have been fully briefed. For the following reasons, the Court will grant defendant's summary judgment motion.

**Background**.

Plaintiff is currently incarcerated at the St. Louis City Justice Center. He brings the instant action pursuant to 42 U.S.C. § 1983 alleging that he was deprived of his "right to liberty" by defendant Burkemper, a St. Louis City police officer, for allegedly lying in a probable cause statement attached to an information/criminal complaint.[1] Specifically, plaintiff alleges that on November 20, 2006, an unidentified person made a telephone call to a 911 operator to report a theft. Plaintiff states that he "was detained . . . several blocks from where the alleged stolen item was found because [he] matched the description of the 911 caller." Plaintiff was arrested and charged with stealing. The state criminal prosecution was initiated by an information and complaint, rather than by an indictment

---

[1]In his complaint, plaintiff also alleged that defendants Stubblefield and Simon were in violation of a court order relating to conditions of confinement at Medium Security Institution ("MSI"). The Court dismissed these allegations against defendants Stubblefield and Simon as frivolous, pursuant to 28 U.S.C. § 1915.

returned by a grand jury. Plaintiff claims that in the probable cause statement supporting the complaint, defendant Burkemper falsely stated that he - rather than the unidentified 911 caller - had "observed a crime being committed." Plaintiff seeks both monetary and punitive damages for this purported constitutional violation.

Defendant advances three arguments for summary judgment in this matter. Defendant first asserts that he is entitled to summary judgment because he is immune from suit under the Eleventh Amendment. Defendant additionally argues that he is entitled to judgment on the merits and/or qualified immunity because there was sufficient probable cause to detain and arrest plaintiff.

**Facts**.[2]

The following facts are deemed uncontroverted of the purposes of defendant's motion for summary judgment:

1. Plaintiff, Maurice Williams, filed this lawsuit while incarcerated at the St. Louis Medium Security Institute.

2. Defendant Nathaniel Burkemper is a St. Louis Metropolitan police officer.

3. Defendant is being sued in his official capacity.

---

[2] The Court adopts the statement of uncontroverted material facts presented by defendant in his motion for summary judgment. This statement of facts is supported by the deposition testimony of plaintiff and institutional documents. Although plaintiff responded to defendant's summary judgment motion, he did not respond to the statement of facts. Because plaintiff failed to submit a statement of material facts as to which he contends a genuine issue exists, as required by Local Rule 4.01(E), for purposes of this motion plaintiff is deemed to have admitted all facts which were not specifically controverted. See Deichmann v. Boeing Co., 36 F.Supp.2d 1166, 1168 (E.D. Mo.1999); see also Ridpath v. Pederson, 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not controvert defendant's statement of material fact, it was deemed admitted under E.D. Mo. Local Rule 4.01(E)).

4. On the morning of November 26, 2006, while investigating a call for a "Larceny in Progress," defendant was advised that a black male wearing a black coat, grey hood and tan pants had just stolen a ladder from a construction site located at 3113 Norwood Ave.

5. Upon arriving at the construction site, defendant and his partner, Officer Lawrence Kreisman, observed Williams walking with an orange ladder through the rear parking lot of Lexington School.

6. When Williams observed the patrol vehicles, he threw the ladder over the fence, into the adjacent yard and began walking westbound.

7. Williams was detained pending further investigation.

8. Defendant was approached by a witness who confirmed that Williams had stolen the ladder from the construction site.

9. Defendant advised Williams that he was under arrest for the crime of stealing over $500 and read Williams his Miranda rights.

10. On November 28, 2006, defendant signed a probable cause statement to the Circuit Attorney's Office in which he stated: "I observed the defendant to be in possession of a 30 foot fiberglass ladder, walking away from a Gershenson Construction site. The defendant said he was borrowing the ladder. Mr. John Jag, a superintendent of Gershenson Construction, said that the defendant did not have permission to be in possession of the ladder. Mr. John Jag stated that the ladder has a value of approximately one thousand dollars."

11. Based on the information and complaint filed by the Circuit Attorney's Office, Williams was indicted in the St. Louis City Circuit Court for the crime of stealing over $500 in State of Missouri v. Maurice O. Williams, Case No. 0622-CR05670.

12. On February 6, 2007, Case No. 0622-CR05670 was bound-over because Williams was indicted by a grand jury for the crime of stealing over $500.

13. The new case, State of Missouri v. Maurice O. Williams, Case No. 0622-CR05670-01, was *nolle prosequi* in September 2007.

14. At the time Williams filed this lawsuit, he was being detained for a separate first degree burglary charge. Williams had been detained for the first degree burglary charge since December 5, 2006.

**Legal Standard**.

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The United States Supreme Court has noted that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" Id. at 327 (quoting Fed. R. Civ. P. 1).

"By its very terms, [Rule 56(c)(1)] provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one such that "a reasonable jury could return a verdict for the nonmoving party." Id. Further, if the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no

genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23.

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir.1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson, 477 U.S. at 249. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Stone Motor Co. v. Gen. Motors Corp., 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. Anderson, 477 U.S. at 249; Celotex, 477 U.S. at 324. "If the non-moving party fails to produce such evidence, summary judgment is proper." Olson v. Pennzoil Co., 943 F.2d 881, 883 (8th Cir. 1991).

The Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." Kampouris v. St. Louis Symphony Soc., 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of

determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." Id.

**Discussion**.

The complaint is silent as to whether defendant is being sued in his official or individual capacity. Accordingly, defendant correctly argues that the Court must interpret plaintiff's complaint as including only official-capacity claims, which is the equivalent of naming the governmental entity that employs defendant -- in this case the St. Louis Board of Police Commissioners. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Although defendant has correctly interpreted plaintiff's claims as against the Board of Police Commissioners, he has incorrectly analyzed the result of this distinction.

Defendant argues that the Board of Police Commissioners, or the true defendant in this action, is immune from suit under the Eleventh Amendment. Defendant, or rather the Board of Police Commissioners, has made this argument previously, to no avail. In Miller v. Albright, this Court explained in great detail why the St. Louis Board of Police Commissioners was not entitled to Eleventh Amendment immunity. 2008 WL 2224794, **2-3 (E.D. Mo. May 27, 2008) (citing Auer v. Robbins, 519 U.S. 452 (1997); Gorman v. Easley, 257 F.3d 738 (8th Cir. 2001); Thomas v. St. Louis Bd. of Police Comm'rs, 447 F.3d 1082 (8th Cir. 2006)). The Court will not repeat its lengthy reasoning here, but instead, will adopt and incorporate its previous findings by reference. Accordingly, the Court rejects defendant's argument that he is entitled to summary judgment on the basis of Eleventh Amendment immunity.

The Court notes, however, that because plaintiff has not alleged that a policy or custom of the St. Louis Board of Police Commissioners is responsible for the alleged constitutional violation,

his claims are subject to dismissal pursuant to 28 U.S.C. 1915.[3]  See Monell v. Department of Social Servs of City of New York., 436 U.S. 658, 690-91 (1978); Ware v. Jackson County, Mo, 150 F.3d 873, 880 (8th Cir. 1998).  Although a dismissal on these grounds is ordinarily without prejudice, because, as outlined below, the Court finds that defendant's other arguments for summary judgment are meritorious, judgment will be entered in defendant's favor.

As the Court reads plaintiff's complaint, his sole allegation is that he was deprived of his right to liberty when defendant lied in a probable cause statement that was attached to the criminal information/complaint.  Specifically, plaintiff asserts that defendant Burkemper falsely stated that he -- rather than the unidentified 911 caller -- had "observed a crime being committed."  Even assuming that the probable cause statement was inaccurate, the fact that plaintiff was subsequently indicted by a grand jury for the crime of stealing negates his constitutional claim.

Under traditional common law rules, the fact that a grand jury indicts a person after arrest eliminates any claim that plaintiff was denied his right to liberty.  See Boyd v. City of New York, 336 F.3d 72, 76 (2d Cir. 2003).  Plaintiff does not dispute that subsequent to the filing of the information/criminal complaint, he was indicted by a St. Louis grand jury.  No contention has been made that there was any deficiency on the face of the indictment or that the grand jury was improperly constituted.  Furthermore, plaintiff has not alleged that defendant gave false testimony before the grand jury.  Accordingly, the requirements of procedural due process were met.

---

[3]Although defendant properly argued that plaintiff's lawsuit was brought against him in his official capacity, he failed to articulate the proper grounds for dismissal on this basis.  Although the Court cannot raise issues on which summary judgment should be granted *sua sponte*, it can dismiss a case proceeding in forma pauperis at any time if the Court determines that the action fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2).

To the extent plaintiff has alleged that he was falsely arrested by defendant Burkemper and/or detained without probable cause, this argument also fails.

A false arrest claim under § 1983 fails as a matter of law when an officer had probable cause to make the arrest. Anderson v. Franklin County, 192 F.3d 1125, 1131 (8th Cir. 1999). Probable cause to arrest exists when the facts and circumstances within the knowledge of the arresting officers, and of which they have reasonably trustworthy information, are sufficient to warrant a belief by a person of reasonable caution that the person arrested has committed the crime for which he is being arrested. State v. Sidebottom, 753 S.W.2d 915, 923 (Mo.) (en banc), cert. denied, 488 U.S. 975 (1988). A citizen who purports to be the victim of, or to have witnessed, a crime is a reliable informant even though his or her reliability has not theretofore been proven or tested. State v. Whorton, 487 S.W.2d 865, 867 (Mo. 1972); Parres v. Department of Revenue, State of Mo., 75 S.W.3d 311, 314 (Mo. Ct. App. 2002); see also Kiser v. City of Huron, 219 F.3d 814, 815-16 (8th Cir. 2000); Anderson v. Cass County, Mo., 367 F.3d 741, 746 (8th Cir. 2004).

The undisputed facts in this case show that defendant was dispatched to investigate a larceny in progress at a construction site. Arriving on the scene, defendant and another officer observed plaintiff carrying an orange ladder away from the location.[4] At the scene, defendant was approached

---

[4] Although plaintiff disputes that defendant "observed a crime being committed" and asserts, without verification, that defendant did not arrive at the scene until after plaintiff had been detained, plaintiff has not presented any evidence to challenge the records produced by defendant in which he claims to have witnessed plaintiff walking with the stolen equipment. In one of his three response briefs, plaintiff asserts in a conclusory fashion that he was not given the "crucial pieces of requested discovery material to show that the defendant arrived at the scene after [he] was detained by another officer." Plaintiff's arguments concerning defendant's alleged discovery abuse are unavailing. Plaintiff filed a myriad of discovery motions in this case, which were denied for various reasons, not the least of which was his repeated failure to abide by both the Federal Rules of Civil Procedure and this Court's Local Rules. For the sake of argument, even assuming that defendant arrived at the scene after plaintiff was detained, the corroborating evidence provided to defendant by the

8

by a witness who verified that plaintiff had stolen the ladder from the construction site. Based on this information, defendant arrested plaintiff and charged him with the crime of stealing over $500. These factual circumstances provided sufficient probable cause for plaintiff to be arrested and negate a claim of false arrest. Given the Court's decision of this matter on the merits, it declines to entertain defendant's arguments for qualified immunity in this matter.

**Conclusion**.

Based on the foregoing, the Court finds that plaintiff has failed to introduce any evidence which would enable a jury to return a verdict for plaintiff on his claims. See Anderson, 477 U.S. at 249. As such, the granting of defendant's motion for summary judgment is proper.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment is **GRANTED**. [Doc. 58]

**IT IS FURTHER ORDERED** that plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915 on the additional ground that it fails to state a claim upon which relief may be granted.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  22nd  day of September, 2008.

---

independent witness is enough to sustain probable cause in this case.