UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAURICE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07-CV-189 CAS |
| ) | |
| NATHANIEL BURKEMPER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This closed prisoner civil rights matter is before the Court on defendant Burkemper's motion for bill of costs. Pro se plaintiff Maurice Williams has not filed a response to the motion and the time to do so has passed. For the following reasons, the Court will grant the motion.

Defendant Burkemper is a prevailing party in this matter. "A prevailing party is presumptively entitled to recover all of its costs." In re Derailment Cases, 417 F.3d 840, 844 (8th Cir. 2005). The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must "suggest a rationale under which the district court's actions constitute an abuse of discretion." Janis v. Biesheuvel, 428 F.3d 795, 801 (8th Cir. 2005). Nonetheless, the Court recognizes that it has discretion to deny costs to a prevailing party, even in the absence of misconduct by that party. See Greaser v. State of Mo., Dept. of Corrections, 145 F.3d 979, 985 (8th Cir. 1998); Hibbs v. K-Mart Corp., 870 F.2d 435, 443 (8th Cir. 1989) (discussing discretionary nature of cost award under Rule 54(d) and 28 U.S.C. § 1920).

The Court also recognizes that costs may be awarded even against indigent persons granted in forma pauperis status, see 28 U.S.C. § 1915(f); cf. Galvan v. Cameron Mut. Ins. Co., 831 F.2d 804, 805-06 (8th Cir. 1987) (per curiam) (assessing double costs against pro se litigant for filing

frivolous appeal); see also Lampkins v. Thompson, 337 F.3d 1009, 1017 (8th Cir. 2003) (district court did not abuse its discretion in awarding costs against indigent prisoner where it first properly considered his indigency and incarceration and reduced the amount of the sought costs).

The Court is aware that plaintiff is indigent and incarcerated. The defendant is seeking costs incurred in taking plaintiff's deposition and in making copies necessary for use in the case, in the total amount of $145.30. Plaintiff has offered no reason why defendant should not be awarded his costs in this matter. The Court finds, in the exercise of its discretion, that defendant should be awarded his costs given the lack of merit present in plaintiff's suit. Summary judgment was granted in defendant Burkemper's favor, and the case was dismissed pursuant to 28 U.S.C. § 1915 on the additional ground that it failed to state a claim upon which relief may be granted.

Allowable costs in most cases are limited to the categories set forth in 28 U.S.C. § 1920. Expenses not on the statutory list must be borne by the party incurring them. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). Pursuant to Rule 54(d) and 28 U.S.C. § 1920, the Court must carefully scrutinize the claimed costs and the support offered for them. Farmer v. Arabian American Oil Co., 379 U.S. 227, 232-33, 235 (1964); Alexander v. National Farmers Org., 696 F.2d 1210, 1212 (8th Cir. 1982), cert. denied, 461 U.S. 937 (1983).

The costs sought by defendant, for deposition expense and copies, fall within the categories set forth in 28 U.S.C. § 1920 and are adequately documented. These costs will be awarded in full.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Burkemper's motion for bill of costs is **GRANTED**. [Doc. 74]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs in favor of defendant Burkemper and against plaintiff in the amount of One Hundred Forty-Five Dollars and Thirty Cents ($145.30).

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  3rd  day of November, 2008.